UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DOUGLAS SONNIER, Individually and For Others Similarly Situated, | Case No. _____ |
| v. | JURY TRIAL DEMANDED |
| RECON MANAGEMENT SERVICES, INC | COLLECTIVE ACTION |

# COMPLAINT

## SUMMARY

1. Recon Management Services, Inc. (Recon) failed to pay Douglas Sonnier (Sonnier) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Recon paid Sonnier and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Sonnier brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Sonnier performed work for Recon in Sulfur, Louisiana, in this District and Division.

7. Recon is headquartered in this District and Division.

## THE PARTIES

8. During the relevant period, Sonnier was an hourly employee of Recon.

9. Throughout his employment with Recon, Sonnier was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. His written consent is attached herein as Exhibit A.

11. Sonnier brings this action on behalf of himself and other similarly situated workers who were paid by Recon's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Recon Management Services, Inc. during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

13. Sonnier seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. Recon may be served with process by serving its registered agent, Roger Boyette at 6900 Shadow Lane, Lake Charles, Louisiana 70605.

## COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Recon was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Recon was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Recon was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Recon has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

19. At all times hereinafter mentioned, Sonnier and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20. Recon staffs employees to the refining, chemical, power, and electrical industries.

21. In order to provide services to its clients, Recon hires employees it pays on an hourly basis.

22. Sonnier worked for Recon as an electrical instrument designer.

23. Sonnier was employed by Recon for roughly a year beginning in March of 2017.

24. Sonnier was an hourly employee of Recon.

25. Sonnier was not paid a guaranteed salary.

26. Sonnier worked for Recon in Sulfur, Louisiana.

27. Sonnier reported the hours he worked to Recon on a regular basis.

28. If Sonnier worked under 40 hours, he was only paid for the hours he worked.

29. But Sonnier would regularly work more than 40 hours in a week.

30. In fact, Sonnier routinely worked 60 hours a week.

31. The hours Sonnier worked are reflected in Recon's payroll records.

32. Recon paid Sonnier the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

33. Recon did not pay Sonnier overtime for all hours worked in excess of 40 hours in a single workweek.

34. Rather than receiving time and half as required by the FLSA, Sonnier only received "straight time" pay for overtime hours worked.

35. This "straight time for overtime" payment scheme violates the FLSA.

36. Recon was aware of the overtime requirements of the FLSA.

37. Recon nonetheless failed to pay certain hourly employees, such as Sonnier, overtime.

38. Sonnier and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

39. Sonnier and the Putative Class Members regularly worked in excess of 40 hours each week.

40. Recon did not pay Sonnier and the Putative Class Members on a salary basis.

41. Recon paid Sonnier and the Putative Class Members "straight time for overtime."

42. Recon failed to pay Sonnier and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

43. Recon knew, or acted with reckless disregard for whether, Sonnier and the Putative Class Members were paid in accordance with the FLSA.

44. Recon's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

45. The illegal pay practices Recon imposed on Sonnier were imposed on the Putative Class Members.

46. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

47. Numerous other individuals who worked with Sonnier were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

48. Based on his experiences and tenure with Recon, Sonnier is aware that Recon's illegal practices were imposed on the Putative Class Members.

49. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

50. Recon's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

51. Sonnier's experiences are therefore typical of the experiences of the Putative Class Members.

52. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

53. Sonnier has no interests contrary to, or in conflict with, the Putative Class Members.

54. Like each Putative Class Member, Sonnier has an interest in obtaining the unpaid overtime wages owed under federal law.

55. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Recon.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Recon will reap the unjust benefits of violating the FLSA.

58. Furthermore, even if some Putative Class Members could afford individual litigation against Recon, it would be unduly burdensome to the judicial system.

59. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Recon, and to the Court.

60. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

61. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Recon required Sonnier and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether Recon's decision to pay Sonnier and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether Recon paid Sonnier and the Putative Class Members on a salary basis;

   d. Whether Recon failed to pay Sonnier and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

   e. Whether Recon's violation of the FLSA was willful; and

   f. Whether Recon's illegal pay practices were applied to Sonnier and the Putative Class Members.

62. Sonnier and the Putative Class Members sustained damages arising out of Sonnier's illegal and uniform employment policy.

63. Sonnier knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

64. Sonnier will fairly and adequately represent and protect the interests of the Putative Class Members.

65. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

66. By failing to pay Sonnier and the Putative Class Members overtime at one-and-one-half times their regular rates, Recon violated the FLSA's overtime provisions.

67. Recon owes Sonnier and the Putative Class Members overtime pay at the proper overtime rate.

68. Because Recon knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Recon owes these wages for at least the past three years.

69. Recon is liable to Sonnier and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

70. Sonnier and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

71. Sonnier demands a Jury trial.

### PRAYER

72. Sonnier prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

b. A judgment finding Recon liable to Sonnier and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Kenneth W. DeJean*
Kenneth W. DeJean
Louisiana Bar Roll No. 4817
Adam R. Credeur
Louisiana Bar Roll No. 35095
Law Offices of Kenneth W. DeJean
417 W. University Avenue
P.O. Box 4325
Lafayette, La. 70502
337-235-5294 – Telephone
337-235-1095 – Facsimile
kwdejean@kwdejean.com
adam@kwdejean.com

**AND**

Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**