UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| DOUGLAS SONNIER | CASE NO. 2:20-CV-00002 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| RECON MANAGEMENT SERVICES INC. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss and Motion for More Definite Statement [doc. 11] filed under Federal Rules of Civil Procedure 12(b)(6) and 12(e) by defendants Recon Management Services, Inc. ("Recon"). Plaintiff Douglas Sonnier opposes the motion. Doc. 14.

### I.
### BACKGROUND

This suit arises under the overtime payment provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Plaintiff Douglas Sonnier alleges that he was employed by Recon at its facility in Sulphur, Louisiana, and worked there as an electrical instrument designer for around one year beginning in March 2017. Doc. 1, ¶¶ 22–26. He further asserts that he "regularly worked more than 40 hours a week" and "routinely worked 60 hours a week." *Id.* at ¶¶ 29–30. He claims that he was paid the same hourly rate for all hours worked, on a "straight-time-for-overtime" basis and with no additional compensation for overtime hours as required under the FLSA. *Id.* at ¶¶ 31–37. He also maintains that numerous other individuals performing similar work for Recon were subject to this pay

-1-

scheme. *Id.* at ¶¶ 45–47. Accordingly, he brings suit on behalf of himself and a putative class to recover unpaid wages owed under federal law.

Recon now moves to dismiss the suit or, in the alternative, for a more definite statement of the claims against it. Doc. 11. It alleges that the allegations are too general to show a violation of the FLSA as to Sonnier or his proposed class of similarly situated employees. Sonnier opposes the motion and maintains that his allegations are sufficient to show a right to relief at the pleading stage. Doc. 14.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6) & Rule 12(e)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and

plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A court may also require a plaintiff to amend his petition in order to include a more definite statement of his claim. Fed. R. Civ. P. 12(e). A defendant may move for relief under Rule 12(e) rather than responding if the pleadings "fail[] to specify the allegations in a manner that provides sufficient notice . . . ." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Where, however, the defendant "is complaining of matters that can be clarified and developed during discovery," rather than those that impede his ability to respond, an order directing a more definite statement is not warranted. *Potter v. Cardinal Health, Inc.*, 381 F.Supp.3d 729, 734 (E.D. Tex. 2019) (internal quotations omitted).

### B. *Application*

Under the overtime provisions of the FLSA, an employer must compensate covered employees "at least one and one-half times their normal rate of pay for hours worked in excess of 40 hours per week." *Scott v. Gusman*, 2015 WL 5971767, at *1 (E.D. La. Oct. 14, 2015). To assert a prima facie claim of unpaid overtime wages, a plaintiff must plead: (1) that there existed an employer-employee relationship during the unpaid periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime provisions; and (4) the amount of overtime compensation due. *Id.* (citing *Johnson v. Heckman Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)).

Recon alleges that plaintiff has fallen short on the third and fourth elements of his claim. On the violation aspect, however, Sonnier has alleged that he was a covered

employee under the FLSA and that he was compensated on a straight time for overtime basis. These allegations state a plausible claim by describing the offending pay practice and the way it allegedly violated the FLSA's overtime provisions. As for the fourth element, "[a] plaintiff adequately pleads the amount of overtime compensation due by alleging the date ranges of employment, the approximate number of hours worked, and the regular rate of pay." *Ruiz v. Masse Contracting, Inc.*, 2019 WL 2451628, at *7 (E.D. La. Jun. 12, 2019) (citing *Valle v. Beauryne Builders LLC*, 2018 WL 1463692, at *3 (M.D. La. Mar. 23, 2018)). Sonnier's allegations of routinely working sixty hours a week, for roughly one year, comport with the standard. He has omitted his regular rate of pay, however, and must amend his petition in order to provide it.[1]

Recon also asserts that Sonnier has not adequately pleaded a collective action. A plaintiff may bring a collective action under the FLSA on behalf of similarly situated persons. 29 U.S.C. § 216(b). At the pleading stage, plaintiffs asserting a collective action must make plausible allegations that similarly situated employees exist who can assert the same claims for violations of the FLSA. *E.g.*, *Potter*, supra, 381 F.Supp.3d at 737. This standard presents a low bar, but still requires some notice as to the scope of the proposed class. *Id.* at 737–38. Accordingly, "an FLSA plaintiff must allege specific facts describing the job duties of the alleged 'similarly situated' employees in order to provide a defendant with fair notice of who is in the putative class . . . ." *Ainsworth v. Rod's Prod. Servs., LLC*,

---

[1] In reply Recon argues that Sonnier is a "highly compensated employee" and therefore exempt from the FLSA's overtime provisions. Doc. 16; *see* 29 C.F.R. § 541.601. Because this argument is based on evidence outside of the scope of the 12(b)(6) motion, the court will not consider it. Recon may reurge it, however, if Mr. Sonnier's amended complaint shows grounds for the exemption.

2015 WL 13567093, at *3 (W.D. Tex. Aug. 28, 2015); *accord Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sep. 28, 2012).

Sonnier alleges that "Recon staffs employees to the refining, chemical, power, and electrical industries" and that he worked for Recon "as an electrical instrument designer." Doc. 1, ¶¶ 20, 22. He further alleges that "[n]umerous individuals" who performed "similar work" were victims of the FLSA violations asserted above. *Id.* at ¶ 46–47. These allegations are too broad to give Recon fair notice of which employees Sonnier seeks to include in the putative class – they provide no indication as to the number, titles, or duties of the prospective members. Accordingly, Sonnier must also amend his complaint in order to provide a more definite statement under his class allegations.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be denied and the Motion for a More Definite Statement will be granted, with the plaintiff required to amend his complaint as described above within 14 days of this judgment.

**THUS DONE AND SIGNED** in Chambers on this 25th day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**