UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DOUGLAS SONNIER**                                **CASE NO. 2:20-CV-00002**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**RECON MANAGEMENT SERVICES INC**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is "Recon Management Services, Inc.'s Memorandum in Support of Motion to Reconsider, to Stay, and for Expedited Consideration" (Doc. 73) wherein ReCon requests that the Court reconsider its November 18, 2020 Order[1] granting Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice; ReCon also seeks to stay any current or former ReCon employees from opting into the suit as plaintiffs, and to stay any further notices or reminder notices from being disseminated to current or former ReCon employees, pending the Court's rulings on reconsideration of Plaintiff Douglas Sonnier's motion and authorization of preliminary discovery for the consideration of all available evidence.

At the time of the hearing on the motion for conditional certification the Court considered the law and argument of Plaintiffs' counsel which did not allow the Court to consider the merits of the Plaintiffs' case.  ReCon brings to this Court's attention, the very recent Fifth Circuit decision in *Swales v. KLLM Transp. Servs., L.L.C.,* 2021 WL 98229 (5th Cir. Jan. 12, 2021). In *Swales*, the Fifth Circuit announced a new framework for courts to

---

[1] Docs. 70 and 71.

determine if plaintiffs have met their burden that employees are "similarly situated" in deciding whether the case may proceed on a collective basis; the court specifically rejected the *Lusardi* two-step approach in *Lusardi . Xerox Crop.*, 118 F.R.D. 351 (D.N.J. 1987) in matters brought pursuant to the Federal Labor Standard Act ("FLSA).

The Court is aware of the *Swales* case. However, notice has been sent out, and several Plaintiffs have consented to opt-in to the lawsuit.[2] In order to not prejudice the potential plaintiffs that have been noticed, the Court is more inclined to have a hearing upon proper motion by ReCon after the Notice and reminder Notice period has lapsed. ReCon may specifically request that the Court reevaluate certification and determine if the plaintiffs are similarly situated at which time the Court will consider whether or not to proceed to trial on a collective basis. Furthermore, the parties can engage in preliminary discovery which can be presented to the Court for its determination of whether this group of employees are "similarly situated." ReCon may also present to the Court whether or not these employees are exempt under the FSLA. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider, to Stay, and for Expedited Consideration is hereby **DENIED** and the parties may engage preliminary discovery relevant specifically to whether or not the group of employees are "similarly situated**."**

**THUS DONE AND SIGNED** in Chambers, on this 20th day of January, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Doc. 74 Notice of Consent.