## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **DOUGLAS SONNIER** | **CASE NO. 2:20-CV-00002** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RECON MANAGEMENT SERVICES INC** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is "Plaintiffs' Motion for Reconsideration" (Doc. 132) wherein Opt-in Plaintiffs jointly move the Court to reconsider the Decertification Order (Doc. 128) based on Plaintiffs' assertion that there has been an intervening change in the controlling law and the need to correct clear error. See *Hewitt v. Helix Energy Sols. Grp., Inc.,* 2021 WL 4099598 (5th Cir. Sept. 9, 2021).

As noted by Defendant, Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993). "Reconsideration of a judgment after its entry is an extraordinary remedy and should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3e 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment must clearly establish either a manifest error of law or fact, or must present newly discovered evidence, and cannot be used to raise arguments which could, and should, have been made before the judgment issued; relief is also appropriate when there has been an intervening change in law. S*chiller v. Physicians Resource Group, Inc.,* 342 F.3d 463 (5th Cir. 8/29/2003).

The Court has reviewed the *Hewitt* case and does not find that there has been an intervening change in the law concerning this Court's decision to decertify the class. Hence, there is no need to correct clear error. The *Hewitt* case did not involve a motion to decertify a class, nor did it involve class certification.

In *Hewitt,* the Fifth Circuit *en banc* opinion was limited to whether an employer-defendant must prove "highly compensated salary" status only under the requirements set forth in 29 C.F.R. § 541.601(a)(1) or both 29 U.S.C. 601(a)(1) and 29 C.F.R. § 5410604(b). The only contested issue in the case was whether Hewitt was exempt from overtime as a highly compensated executive employee under § 541.601; the parties agreed that he met both the duties requirements and income thresholds of both exemptions.

Plaintiffs argue that because they were paid the same and all their exemption defenses require Plaintiffs to be paid on a salary basis, whether ReCon's pay plan passes the salary basis test can be determined collectively which would not require an analysis of the Plaintiffs' job duties.

There are numerous deductions from pay for various reasons that an employer can make and the employee still be a "salaried employee." See *Guerrero v. J.W. Hutton, Inc.,* 458 F.3d 830, 835-36 (8th Cir. 2006). See also § 541.602 (b)(7) ("An employer is not required to pay the full salary for weeks in which an exempt employee takes unpaid leave under the Family and Medical Leave Act;" See also § 541.602(b)(4)-(5) (Deductions from pay of exempt employees may be made for infractions of safety rules of major significance

and for infractions of workplace conduct rules.) "These issues may not be decided on the basis of what a judge concludes is the "plain meaning" of a common term like "salary" that is obviously ambiguous in the context of the statute or regulation at issue. See *Mayo Found. for Med. Educ. & Research v. United States,* 568 F.3d 675, 679-80 (8th Cir. 2011), *aff'd,* 562 U.S. at 52-53, 131 S.Ct. 704.

Furthermore, even if impermissible reductions were made, an employer does not lose any exemption unless "the facts demonstrate that the employer did not intend to pay employees on a salary basis. An actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). Plaintiffs have the burden of proof on this issue. See *Yourman v Giuliani,* 229 F.3d 124, 1285 (2d Cir. 2000), *cert. denied,* 532 U.S. 923, 121 S.Ct. 1362 (2001).

If Plaintiffs establish an actual practice, the exemption is lost only "during the time period in which the improper deductions were made for employees in the same job classification working for the same managers responsible for the actual improper deductions." 29 C.F.R. § 541.603(b).

Here, the Court is not determining the merits of Plaintiffs' claims, but whether the Decertification Order should be vacated. The Court is not persuaded by Plaintiffs' arguments that *Hewitt* changes everything and that the determination of whether or not

Plaintiffs were paid on a salary basis can be established through an aggregate proof analysis and then applied to the collective as a whole. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 10th day of December, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**